1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MARTIN H. ORLICK SBN. 083908, mho@jmbm.com
2  STUART K. TUBIS SBN. 278278, skt@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:     (415) 398-8080
4  Facsimile:      (415) 398-5584

5  Attorneys for Defendants Marriott Ownership Resorts, Inc.
   and Marriott Resorts Hospitality Corporation

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  **Samuel Love**,                          CASE NO.      3:20-cv-07523-SRB

12           Plaintiff,                        **MEMORANDUM OF POINTS AND
                                               AUTHORITIES IN SUPPORT OF MOTION
13  v.                                         TO DISMISS COMPLAINT PURSUANT TO
                                               FRCP 12(b)(1) & 12(b)(6)**
14  **Marriott Ownership Resorts, Inc.**, a
    Delaware Corporation; **Marriott Resorts
15  Hospitality Corporation**, a Southern Carolina
    Corporation,
16
17           Defendants.

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   FACTS ...................................................................................................................1

III.  LEGAL ARGUMENT.............................................................................................3

    A.    Legal Standard Under FRCP 12(b)(1)........................................................3

    B.    Legal Standard Under FRCP 12(b)(6)........................................................5

    C.    Injunctive Relief Requires Risk Of Irreparable Injury ...............................5

    D.    Plaintiff's Complaint Should Be Dismissed Under FRCP 12I(b)(1) Due To A Lack Of Likely Future Injury ....................................................................5

    E.    The ADA Requires Certain Accessibility Information Be Provided On Hotel Websites That Accept Reservations .............................................................7

    F.    Defendants' Website Provides All Necessary Accessibility Information About The Hotel In Compliance With 28 CFR § 36.302(e).........................9

    G.    The Court Can Consider Evidence Of The Website Conditions Above Because The Complaint Incorporated The Subject Website By Reference And Judicial Notice Is Appropriate Here. ...................................................13

IV.   CONCLUSION.......................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

CASES

*Abrego v. The Dow Chemical Co.*,
  433 F.3d 676 (9th Cir.2006) ...............................................................................3

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir.1988) ...............................................................................5

*Barnes v. Marriott Hotel Servs., Inc.*,
  Case No. 15-cv-01409-HRL, 2017 BL 48326, 2017 US Dist Lexis 22588, 2017
  WL 635474 (N.D. Cal. Feb. 16, 2017) ...............................................................8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)....................................5

*Bouyer v. LAXMI Hospitality LLC*,
  Case No. 2:20-cv-07802-PA-AFM (US District Court, Central District of
  California) ...........................................................................................................6

*Brownmark Films LLC v. Comedy Partners*,
  682 F.3d 687 (7th Cir. 2012) ..............................................................................14

*Chapman v. Pismo Food Store*,
  710 Fed. Appx. 769 (9th Cir. 2018).....................................................................6

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)...............................................................................................5

*Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*,
  149 F.3d 679 (7th Cir.1998) ................................................................................4

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) .............................................................................13, 14

*Feezor v. Sears, Roebuck & Co.*,
  608 Fed. Appx. 476 (9th Cir. 2015).....................................................................6

*In re Bunyan*,
  354 F.3d 1149 (9th Cir.2004) ..............................................................................4

*In re Wilshire Courtyard*,
  729 F.3d 1279 (9th Cir.2013) ..............................................................................3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994)..............................................................................................3

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page**

*Leite v. Crane Co.*,
   749 F.3d 1117 (9th Cir.2014) ..................................................................................................4

*Love v. 1231 Market St. Owner L.P.*,
   Docket No. 3:20-cv-08835 (N.D. Cal.) ....................................................................................3

*Love v. 386 Geary Real Estate, LLC et al*,
   Docket No. 4:20-cv-08613 (N.D. Cal.) ....................................................................................3

*Love v. Amba L.L.C.*,
   Docket No. 5:20-cv-08691 (N.D. Cal.) ....................................................................................3

*Love v. Ashford San Francisco II LP*,
   Docket No. 3:20-cv-08458 (N.D. Cal.) ....................................................................................3

*Love v. Cartwright Hotel Group, LP et al*,
   Docket No. 3:20-cv-08916 (N.D. Cal.) ....................................................................................2

*Love v. Casa Linda Motel LLC*,
   Docket No. 5:20-cv-08914 (N.D. Cal.) ....................................................................................3

*Love v. Diamondrock SF Sutter Street Owner, LLC*,
   Docket No. 3:20-cv-08494 (N.D. Cal.) ....................................................................................3

*Love v. G6 Hospitality Property LLC*,
   Docket No. 5:20-cv-08776 (N.D. Cal.) ....................................................................................3

*Love v. H. Drake Corporation*,
   Docket No. 4:20-cv-08649 (N.D. Cal.) ....................................................................................3

*Love v. HHR Powell Street, L.P et al*,
   Docket No. 3:20-cv-08454 (N.D. Cal.) ....................................................................................3

*Love v. Hoyas Owner LLC et al*,
   Docket No. 3:20-cv-08445 (N.D. Cal.) ....................................................................................3

*Love v. International Hotel Associates No. 2 LLC*,
   Docket No. 3:20-cv-08689 (N.D. Cal.) ....................................................................................3

*Love v. KSSF Enterprises LTD et al*,
   Docket No. 3:20-cv-08535 (N.D. Cal.) ....................................................................................3

*Love v. Lanai Garden Corporation*,
   Docket No. 5:20-cv-08918 (N.D. Cal.) ....................................................................................2

*Love v. Mosser Victorian Hotel of Arts and Music, Inc.*,
   Docket No. 3:20-cv-08915 (N.D. Cal.) ....................................................................................3

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page**

*Love v. Patel et al*,
  Docket No. 5:20-cv-08917 (N.D. Cal.) .........................................................................2

*Love v. TCC Union Square, L.P. et al*,
  Docket No. 3:20-cv-08459 (N.D. Cal.) .........................................................................3

*Love v. Wildcats Owner LLC et al*,
  Docket No. 4:20-cv-08913 (N.D. Cal.) .........................................................................3

*Matthews v. Nat'l Football League Mgmt. Council*,
  688 F.3d 1107 (9th Cir. 2012) ..............................................................................10, 13

*McCarthy v. United States*,
  850 F.2d 558 (9th Cir.1988) ........................................................................................4

*Meyer Pincus & Assocs. v. Oppenheimer & Co.*,
  936 F.2d 759 (2d Cir. 1991) ......................................................................................14

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir.2009) .........................................................................................5

*Navarro v. Block*,
  250 F.3d 729 (9th Cir.2001) .........................................................................................5

*O'Toole v. Northrop Grumman Corp.*,
  499 F.3d 1218 (10th Cir. 2007) ............................................................................10, 13

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998), *superseded by statute on other grounds* .....................14

*Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*,
  Case No. 2:17-cv-14363-DMM, 2018 WL 3387679 (S.D. Fla. May 23, 2018) ..........9

*Savage v. Glendale Union High Sch.*,
  343 F.3d 1036 (9th Cir.2003) .......................................................................................4

*Thomas Jefferson Univ. v. Shalala*,
  512 U.S. 504 (1994).......................................................................................................9

*Tunac v. United States*,
  897 F.3d 1197 (9th Cir. 2018) .....................................................................................13

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir.2003) .......................................................................................4

*White v. Lee*,
  227 F.3d 1214 (9th Cir.2000) .......................................................................................4

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page**

**STATUTES**

Americans with Disabilities Act ................................................................................. passim

**OTHER AUTHORITIES**

Code of Federal Regulations
  28 Pt. 36, App. A ...........................................................................................................7, 8
  28 § 36.302(e) ...................................................................................................8, 9, 12, 15
  28 § 36.302(e)(ii) ...................................................................................................................7

Federal Rules of Civil Procedure
  Rule 12(b)(1) ....................................................................................................1, 3, 4, 7
  Rule 12(b)(6) ...........................................................................................1, 4, 5, 13, 14

Federal Rules of Evidence
  Rule 201(b) .................................................................................................................13

1
## I.      **INTRODUCTION**

2          Plaintiff, Samuel Love ("**Plaintiff**"), initiated this case against Defendants, Marriott

3    Ownership Resorts, Inc. and Marriott Resorts Hospitality Corporation ("**Defendants**"), for alleged

4    violations of the Americans with Disabilities Act ("**ADA**"). Specifically, Plaintiff alleges that

5    Defendants' website[1] does not provide sufficient information about the accessibility features of

6    property managed by Defendants.  However, Plaintiff has made a mistake.  In fact, the website does

7    provide all required information to meet relevant ADA requirements, plus more.  Because the

8    website meets all relevant ADA requirements, there is no concrete harm to Plaintiff and nothing for

9    the Court to remedy. Furthermore, the Court lacks subject matter jurisdiction because Plaintiff has

10   not and cannot demonstrate a credible and concrete plan to visit the property in the future and has

11   no actual or imminent injury if he visits the website in the future. Nor has Plaintiff alleged any

12   injury that is capable of redress by a favorable decision. Plaintiff has filed over 500 ADA lawsuits

13   against various hotels and businesses and never alleges a concrete intent to visit the hotel at issue

14   here in the future. Thus, there is no risk of future harm for the court to enjoin.

15          To satisfy federal pleading requirements, the Court must have subject matter

16   jurisdiction, and Plaintiff must sufficiently allege facts which if proven true state a claim upon

17   which relief can be granted. Fed. R. Civ.P. 12(b)(1) & 12(b)(6). Plaintiff has not done so.

18   Accordingly, for the reasons set forth below, the Court should grant Defendants' Motion to Dismiss

19   the Complaint.

20
## II.     **FACTS**

21          Plaintiff initiated this lawsuit against Defendants by filing the Complaint (Doc #1)

22   on October 27, 2020.  Plaintiff alleges that he is a California resident with physical disabilities and

23   is unable to walk. Complaint at ¶ 1.  Plaintiff's Complaint states "This is a lawsuit challenging the

24   reservation policies and practices of a place of lodging." Complaint at ¶ 7.  Defendants have an

25

26          [1] Plaintiff alleges that the website https://www.marriott.com (the "**Website**") is Defendants'
     Website, when in fact it is not.  The Website is owned and operated by an unnamed entity that is

27   unaffiliated and completely separate from the Defendants.  For purposes of this Motion, however,
     Defendants' will assume Plaintiff's allegation is true even though he has failed to name all

28   necessary and indispensable parties.

1  interest in the property known as the Marriott Vacation Club Pulse located at 2620 Jones St., San

2  Francisco, California (the "**Subject Property**").  Complaint at ¶ 2. The Subject Property is a newer

3  vacation property that was built well after 2012.  As such, it was built to the most recent applicable

4  ADA Standards – the 2010 ADA Standards.

5  Plaintiff further alleges that "Plaintiff went to the Marriott Vacation Club Pulse

6  reservation website at https://www.marriott.com/hotels/hotel-rooms/sfovm-marriott-vacation-club-

7  pulse-san-francisco/" (the "**Subject Website**") "seeking to book an accessible room." Complaint at

8  ¶ 15.

9  Plaintiff then states that he did not find sufficient accessibility information about the

10  property on the accessibility tab of the Subject Website, which caused Plaintiff discomfort:

11  16. Plaintiff found that there was little information about the
    accessibility of the rooms. For example, under the "Accessibility" tab,

12  it mentions that the following are accessible: "Business Center",
    "Public entrance alternative", "Elevators", "Bathroom grab bars",

13  "Bathtub grab bars", "Roll-in shower", and "Shower wand,
    adjustable". These are vague and conclusory statements. "Plaintiff

14  found that there was little information about the accessibility of the
    rooms. Likewise, under the various room descriptions, it merely states:

15  "This room offers mobility accessible rooms" and "This room offers
    accessible rooms with roll-in shower". These vague and conclusory

16  statements offer little detail. For example, there is no specific
    information on whether the desk/table in the room is accessible, if the

17  or if the sink [sic] and toilet are accessible, or if the room has accessible
    clear floor space. Making matters worse, the pictures that accompany

18  the photos of the rooms state: "Images may not fully represent the room
    features you booked."

19

20  17. The defendant's reservation system failed to identify and describe
    the accessible features in the guestroom chosen by the plaintiff in

21  enough detail to reasonably permit him to assess independently
    whether the particular guestroom met his accessibility needs.

22  18. This lack of information created difficulty for the plaintiff and the
    idea of trying to book this room -- essentially ignorant about its

23  accessibility -- caused discomfort for the Plaintiff.

24  Complaint at ¶ 16-18.

25  **However, as is readily apparent from a simple review of the publicly available**

26  **Subject Website, it does in fact provide all the required accessibility information about the**

27

28

**hotel.**  In Plaintiff's haste to file yet another in a long series of ADA lawsuits[2], it appears that Plaintiff apparently failed to review the reservations page of the website, which is commonly where detailed room accessibility information is provided on such websites.  Had Plaintiff and Counsel taken the time to properly investigate the Subject Website before rushing to file another lawsuit, Plaintiff would have seen everything required by the ADA. Such an investigation took Defendants' counsel roughly 5-10 minutes.  Because the Subject Website provides the accessibility information the ADA requires, Plaintiff's complaint is without merit and must be dismissed with prejudice.

## III.    LEGAL ARGUMENT

### A.    Legal Standard Under FRCP 12(b)(1)

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

Courts "presume[ ] that a cause lies outside this limited jurisdiction," until the party invoking federal jurisdiction establishes otherwise. *Id.*; *In re Wilshire Courtyard,* 729 F.3d 1279, 1284 (9th Cir.2013) ("The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction.").

---

[2] *See e.g., Love v. Lanai Garden Corporation*, Docket No. 5:20-cv-08918 (N.D. Cal.);
*Love v. Patel et al*, Docket No. 5:20-cv-08917 (N.D. Cal.);
*Love v. Cartwright Hotel Group, LP et al*, Docket No. 3:20-cv-08916 (N.D. Cal.);
*Love v. Mosser Victorian Hotel of Arts and Music, Inc.*, Docket No. 3:20-cv-08915 (N.D. Cal.);
*Love v. Casa Linda Motel LLC*, Docket No. 5:20-cv-08914 (N.D. Cal.);
*Love v. Wildcats Owner LLC et al*, Docket No. 4:20-cv-08913 (N.D. Cal.);
*Love v. 1231 Market St. Owner L.P.*, Docket No. 3:20-cv-08835 (N.D. Cal.);
*Love v. G6 Hospitality Property LLC*, Docket No. 5:20-cv-08776 (N.D. Cal.);
*Love v. Amba L.L.C.*, Docket No. 5:20-cv-08691 (N.D. Cal.);
*Love v. International Hotel Associates No. 2 LLC*, Docket No. 3:20-cv-08689 (N.D. Cal.);
*Love v. H. Drake Corporation*, Docket No. 4:20-cv-08649 (N.D. Cal.);
*Love v. 386 Geary Real Estate, LLC et al*, Docket No. 4:20-cv-08613 (N.D. Cal.);
*Love v. KSSF Enterprises LTD et al*, Docket No. 3:20-cv-08535 (N.D. Cal.);
*Love v. Diamondrock SF Sutter Street Owner, LLC*, Docket No. 3:20-cv-08494 (N.D. Cal.);
*Love v. TCC Union Square, L.P. et al*, Docket No. 3:20-cv-08459 (N.D. Cal.);
*Love v. Ashford San Francisco II LP*, Docket No. 3:20-cv-08458 (N.D. Cal.);
*Love v. HHR Powell Street, L.P et al*, Docket No. 3:20-cv-08454 (N.D. Cal.);
*Love v. Hoyas Owner LLC et al*, Docket No. 3:20-cv-08445 (N.D. Cal.).

The above list is not exclusive and only contains the most recent cases dating back until November 30, 2020. Plaintiff has been filing ADA cases in mass numbers for years.

1    The proponent of jurisdiction has the burden of establishing every element of federal

2    jurisdiction, including any applicable amount in controversy. *Abrego v. The Dow Chemical Co.,* 433

3    F.3d 676, 682–83 (9th Cir.2006). Under Federal Rule of Civil Procedure ("Rule") 12, a defendant

4    may move, at any time, to dismiss for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). "A

5    federal court always has jurisdiction to determine its jurisdiction." *In re Bunyan,* 354 F.3d 1149,

6    1152 (9th Cir.2004) (citing *United States v. Ruiz,* 536 U.S. 622, 628 (2002)). A Rule 12(b)(1)

7    motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction.

8    Such a motion will be granted if the complaint on its face fails to allege facts sufficient to establish

9    subject matter jurisdiction. *See Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th

10   Cir.2003).

11   Courts do not accept the truthfulness of any legal conclusions contained in the

12   complaint when assessing a facial attack on subject-matter jurisdiction under Rule 12(b)(1). *Warren*

13   *v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003). The Court "is not restricted to

14   the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve

15   factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558,

16   560 (9th Cir.1988).

17   A factual attack on subject-matter jurisdiction under Rule 12(b)(1) affords the district

18   court discretion to **consider extrinsic evidence** and, if disputed, weigh the evidence to determine

19   whether the facts support subject-matter jurisdiction without converting the motion to dismiss into a

20   motion for summary judgment. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000).

21   "The presumption of correctness that we accord to a complaint's allegations falls

22   away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction

23   into question." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d

24   679, 685 (7th Cir.1998). "When the defendant raises a factual attack, the plaintiff must support her

25   jurisdictional allegations with competent proof...." *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th

26   Cir.2014). Generally, the plaintiff must prove each of the requirements for subject-matter

27   jurisdiction by a preponderance of the evidence in response to a defendant's factual Rule 12(b)(1)

28   motion. *Id.*

1      **B.      Legal Standard Under FRCP 12(b)(6)**

2              Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim

3      upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule

4      12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001).

5      Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a

6      cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).  To

7      sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading the "[f]actual

8      allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v.*

9      *Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked

10     by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…, a plaintiff's

11     obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

12     conclusions, and a formulaic recitation of the elements of a cause of action will not do….  Factual

13     allegations must be enough to raise a right to relief above the speculative level… on the assumption

14     that all the allegations in the complaint are true (even if doubtful in fact)…." *Bell Atlantic Corp. v.*

15     *Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). "In sum, for a complaint to survive a

16     motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content,

17     must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572

18     F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted).

19     **C.      Injunctive Relief Requires Risk Of Irreparable Injury**

20             To have standing to seek injunctive relief, Plaintiff has the burden of establishing

21     that he or she "has sustained or is immediately in danger of sustaining some direct injury as the

22     result of the challenged . . . conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)

23     (internal quotation marks and citation omitted).  *See Munns*, 782 F.3d at 411 ("Once a plaintiff has

24     been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or

25     immediate threat . . . that he will again be wronged in a similar way.") (quoting *Lyons*, 461 U.S. at

26     111).

27     **D.      Plaintiff's Complaint Should Be Dismissed Under FRCP 12I(b)(1) Due To A**

28             **Lack Of Likely Future Injury**

1    Plaintiff lacks a genuine intent to visit or return to the Subject Property in the future

2  and, thus, lacks Article III standing.  A plaintiff seeking injunctive relief to remove architectural

3  barriers in an action alleging ADA violations "requires a sufficient showing of likely injury in the

4  future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of

5  the particular plaintiff rather than rights of third parties." Chapman v. Pier 1 Imports (U.S.) Inc.,

6  631 F.3d 939, 949 (9th Cir. 2011).  "[A]n ADA plaintiff can show a likelihood of future injury

7  when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a

8  discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to

9  pursue injunctive relief when discriminatory architectural barriers deter him from returning to a

10  noncompliant accommodation." Id. at 950. "A plaintiff's 'profession of an 'inten[t]' to return to the

11  places [he] had visited before' is not sufficient to establish standing because '[s]uch 'some day'

12  intentions—without any description of concrete plans, or indeed even any specification of when the

13  some day will be—do not support a finding of the 'actual or imminent' injury that our cases

14  require.'" Feezor v. Sears, Roebuck & Co., 608 Fed. Appx. 476, 477 (9th Cir. 2015) (affirming

15  district court's grant of summary judgment against Plaintiff on his ADA claim) (quoting Lujan v.

16  Defenders of Wildlife, 504 U.S. 555, 564 (1992); see also Chapman v. Pismo Food Store, 710 Fed.

17  Appx. 769, 770 (9th Cir. 2018).

18    These issues were recently decided in the case of Bouyer v. LAXMI Hospitality LLC,

19  Case No. 2:20-cv-07802-PA-AFM (US District Court, Central District of California), Doc # 18

20  (2020). There the Court similarly decided an ADA case in which the plaintiff's intent to return was

21  poorly pled.  The plaintiff in LAXMI filed a declaration stating that "When all barriers to access are

22  remediated, I would like to return to the business." However, the Court found that plaintiff's

23  conclusory allegations were not sufficient to establish Article III standing and sua sponte dismissed

24  the Complaint.

25    These conclusory allegations amount to mere "some day" intentions
   that the Ninth Circuit has found are insufficient to establish Article III

26    standing. Plaintiff, who has filed over 450 similar action in the Central
   District in recent years, has failed to present any concrete plans or other

27    specific information about when he intends to return to Defendant's
   Property. The Court therefore concludes that Plaintiff has failed to

28    plead or submit sufficient facts to establish his standing to obtain the

1    injunctive relief he seeks in his Motion for Default Judgment.

2    **Here, Plaintiff fails to even make the same bald, conclusory allegations that the**

3    **plaintiff in *LAXMI* provided. Thus, the Complaint here is even more appropriate for**

4    **dismissal.** As the Court can see from Plaintiff's filed Complaint, there is no allegation of an intent

5    to visit the Subject Property in the future. Plaintiff merely states that he "would like to patronize this

6    hotel" but can't because of there isn't enough information on the website.  Complaint at ¶ 19.

7    Plaintiff reveals his true intentions and motivations by stating that he "is always on the lookout for

8    businesses that violate the law" presumably for filing even more lawsuits. Complaint at ¶ 19.

9    Indeed, a simple search on PACER will show that Plaintiff has filed more than 500 ADA lawsuits

10   against hotels and businesses. As the Court in *LAXMI* held, conclusory statements of possible future

11   visits in the context of hundreds of ADA cases reveals a lack of genuine intent to visit and lack of

12   Article III standing.  Here, Plaintiff does not sufficiently show likely future injury. The Court

13   should similarly dismiss Plaintiff's Complaint for lack of standing pursuant to FRCP 12(b)(1).

14       **E.**     <u>**The ADA Requires Certain Accessibility Information Be Provided On Hotel**</u>

15               <u>**Websites That Accept Reservations**</u>

16   The ADA requires that hotels provide accessibility information about the hotel as

17   part of the reservation system. Specifically, the requirements derive from **28 CFR § 36.302(e)(ii)**,

18   pertinent provisions of which are provided below:

19   **(e)**
     **(1)** *Reservations made by places of lodging.* A public

20   accommodation that owns, leases (or leases to), or operates a place of
     lodging shall, with respect to reservations made by any means,

21   including by telephone, in-person, or through a third party
      . . .[and]

22   **(ii) Identify and describe accessible features in the hotels and guest
     rooms offered through its reservations service in enough detail to**

23   **reasonably permit individuals with disabilities to assess
     independently whether a given hotel or guest room meets his or her**

24   **accessibility needs**; . . .

25

26   Thus, the ADA requires that hotels "identify and describe accessible features in the

27   hotels and guest rooms offered through its reservations service."  The Department of Justice

28   ("**DOJ**") has issued guidance clarifying exactly what information needs to be provided to guests to

comply with these requirements.  In its Americans with Disabilities Act Title III Regulations, 28 C.F.R. Pt. 36, App. A, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities (Mar. 15, 2011) ("**DOJ Guidance**")[3], the DOJ specifies that for hotels built to the 1991 Standards, "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the size and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notification devices)."

Courts have applied and upheld these regulatory standards from the DOJ in similar cases alleging violations of the ADA's reservations requirements.  For example, here in the Northern District of California, the Court considered a very similar case involving a Marriott International, Inc. entity in which the plaintiff alleged the same 28 CFR § 36.302(e) website violations.  *Barnes v. Marriott Hotel Servs., Inc*., Case No. 15-cv-01409-HRL, 2017 BL 48326, 2017 US Dist Lexis 22588, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017).  In assessing whether or not the website complied with the requirements of 28 CFR § 36.302(e), the Court directly referenced and deferred to the DOJ's guidance on this issue (as provided above) and found that Marriott's website did in fact comply with 28 CFR § 36.302(e).

> Barnes first argues that Marriott's reservation system violates Section 36.302(e) because the website does not provide sufficient detail about accessible features to allow a wheelchair user to make an independent assessment of whether these features would meet her needs. Plaintiff suggests that more detailed descriptions of rooms or features, including, potentially, pictures or floorplans, would be appropriate.
> …
>
> The Hotel, which was constructed to be compliant with the 1991 Standards, provides descriptions of accessible features on its website that include the level of detail proposed by the ADA Guidance document. *See* Dkt. No. 38, Plaintiff's Request for Judicial Notice (showing documents from Marriott's website stating, "[a]ccessible guest rooms have a 32 inch wide opening," and listing the areas of the hotel that are accessible, as well as describing "Accessible Room

---

[3] Further described as Supplemental Information, DOJ, 28 CFR Part 36, [CRT Docket No. 106; AG Order No. 3181– 2010], RIN 1190–AA44, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities. Available here: https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm

1
2
3
4
5

Features" for individual room types: "[t]his room type offers mobility accessible rooms[;] [t]his room type offers accessible rooms with roll in showers[.]"). According to the DOJ guidance document interpreting the ADA Accessibility Guidelines, which courts have held is "entitled to substantial deference," *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015), these descriptions and this level of detail is appropriate and acceptable. The court is thus not persuaded that Marriott's website violates Section 36.302(e) for any failure to identify and describe accessibility features

6   *Id.* at p. 11-12.

7        Similarly, in *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, Case No. 2:17-cv-

8   14363-DMM, 2018 WL 3387679 (S.D. Fla. May 23, 2018), the Court considered claims extremely

9   similar to those at hand for alleged violations of 28 CFR § 36.302(e).  On summary judgment the

10   Court evaluated the conditions known about the hotel's website and reservation system. The Court

11   referred to the DOJ guidance outlined above for clarification about what must be on the website for

12   compliance with 28 CFR § 36.302(e). "Guidance published by the DOJ on the regulation further

13   clarities its meaning. See *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (giving

14   substantial deference'' and "controlling weight'' to an agency's interpretation of its own

15   regulations)." *Id.* Doc # 30 at p. 7.  The court then cited and used the same DOJ Guidance

16   publication as authority in interpreting the specific requirements of 28 CFR § 36.302(e). *Id.*

17        As in *Barnes* and *Poschmann*, this Court should apply the DOJ guidance to this case in

18   interpreting the requirements of 28 CFR § 36.302(e) and find that the Subject Website complies

19   with the ADA because, as demonstrated in Section E *infra*, Defendant's website meets the DOJ's

20   guidance regarding the requirements of 28 CFR § 36.302(e).

21        **F.     Defendants' Website Provides All Necessary Accessibility Information About**

22             **The Hotel In Compliance With 28 CFR § 36.302(e)**

23        The Subject Website meets all relevant requirements of 28 CFR § 36.302(e).  As

24   noted above, and pursuant to relevant DOJ Guidance, the Subject Website contains all necessary

25   information about the accessibility features of the hotel and allows reservations of accessible hotel

26   rooms online.  First, the Subject Property is a newer hotel that was built well after 2012. As such, it

27   was built to the most recent applicable ADA Standards – the 2010 ADA Standards. The 2010 ADA

28   Standards are generally at least as strict as the 1991 ADA Standards. Thus, the DOJ Guidance

1   summarized above applies, requiring the website to "specify that the hotel is accessible and, for

2   each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the size

3   and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in

4   shower), and communications features available in the room (*e.g.*, alarms and visual notification

5   devices)."

6           As Plaintiff notes in the Complaint, the Subject Website contains an Accessibility tab

7   (Doc # 1, ¶ 16), found here: https://www.marriott.com/hotels/fact-sheet/travel/sfovm-marriott-

8   vacation-club-pulse-san-francisco/#accessibility. Declaration of Orlick at ¶ 2.  That tab contains

9   general statements of accessibility about the hotel as well as many details about the general

10  accessibility features of the hotel. Declaration of Orlick at ¶ 2.  Below is a screenshot of that page:

11

12

13

14

15

16

17

18

19

20

21

22

**Accessibility**                                                                 Close  ^

For more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 415-885-4700.

**Accessible Areas with Accessible Routes from Public Entrance**
Business Center
Fitness Center
Public entrance alternative
Registration Desk Pathway
Registration desk

**Accessible Hotel Features**
Self-parking facility, van-accessible spaces
Self-parking, accessible spaces
Service animals are welcome
Valet parking for vehicles outfitted for drivers in wheelchairs
Elevators

**Guest Room Accessibility**
Accessible guest rooms with 32" wide doorways
Accessible route from public entrance to accessible guest rooms
Alarm clock telephone ringers
Bathroom grab bars
Bathtub grab bars
Bathtub seat
Electrical outlets, lowered
Flashing door knockers
Hearing accessible rooms and/or kits
No transfer shower s available
Roll-in shower
Shower wand, adjustable
Toilet seat at wheelchair height
Vanities, accessible

23  Declaration of Orlick at ¶ 2., Ex. A.   "It is not uncommon for courts to take judicial notice of

24  factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d

25  1218 , 1225 (10th Cir. 2007); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d

26  1107 , 1113 n.5 (9th Cir. 2012) (taking judicial notice of statistics found on a website).

27           The Subject Website also provides additional accessibility information specific to the

28

1  individual guest rooms on the reservations section of the website, available here:

2  https://www.marriott.com/reservation/rateListMenu.mi?defaultTab=prepay.  Declaration of Orlick

3  at ¶ 3.  Below is a screenshot of that page:



22  Declaration of Orlick at ¶ 3, Ex. B.  Note how the second blue box from the top states "To book an

23  accessible room, select a room type first." Declaration of Orlick at ¶ 3.  Upon selecting the desired

24  room type, the user is shown a page with further accessibility details about the room and the option

25  to check a box to select the accessible version of that room type. A screenshot of such a page is

26  shown below:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT



Declaration of Orlick at ¶ 3, Ex. C.

Thus, as shown above and as clearly discernible by visiting the Subject Website, Defendants provide all required information about the accessibility features of the hotel. **To summarize, the Subject Website meets all requirements of the DOJ Guidance on 28 CFR § 36.302(e):**

☑ State that the hotel is accessible;
☑ For each accessible guest room, describe:
   ☑ The general type of room (e.g., executive suite);
   ☑ The size and number of beds (e.g., two queen beds);
   ☑ The type of accessible bathing facility (e.g., tub or roll-in shower); and
   ☑ Communications features available in the room (e.g., alarms and visual notification devices).

1    Furthermore, the accessibility information on the Subject Website shown above has

2    not changed since the property opened for reservations.  Thus, at all relevant times, Plaintiff and

3    Plaintiff's counsel could have and presently can view this accessibility information on the Subject

4    Website.

5    As references to the accessibility information on the reservation areas of the Subject

6    Website are notably absent from Plaintiff's complaint, it appears Plaintiff's counsel simply failed to

7    review the reservations pages of the Subject Website. This could have taken 5 minutes of due

8    diligence before filing a lawsuit and would have avoided all the burdens now imposed on

9    Defendants and this Court.

10   **G.    The Court Can Consider Evidence Of The Website Conditions Above Because**

11   **The Complaint Incorporated The Subject Website By Reference And Judicial**

12   **Notice Is Appropriate Here.**

13   The Court can consider the contents of the Subject Website because Plaintiff's

14   claims are premised entirely on the contents of the Subject Website such that it is incorporated by

15   reference, and the contents of the Subject Website may be judicially noticed.

16   "It is not uncommon for courts to take judicial notice of factual information found

17   on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 , 1225 (10th Cir.

18   2007); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107 , 1113 n.5 (9th Cir. 2012)

19   (taking judicial notice of statistics found on a website).

20   A court may take judicial notice of any "fact that is not subject to reasonable dispute

21   because it…can be accurately and readily determined from sources whose accuracy cannot

22   reasonably be questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice of materials in

23   situations where, as here, "the complaint necessarily relies upon a document or the contents of the

24   document are alleged in a complaint, the document's authenticity is not in question and there are no

25   disputed issues as to the document's relevance."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031,

26   1038 (9th Cir. 2010).  "[D]ocuments whose contents are alleged in a complaint and whose

27   authenticity no party questions, but which are not physically attached to the pleading, may be

28   considered in ruling on a Rule 12(b)(6) motion to dismiss." *Tunac v. United States*, 897 F.3d 1197,

1207 n.8 (9th Cir. 2018) (quoting *Branch v. Tunnell*, 14 F.3d 449 , 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). "Although 'mere mention of the existence of a document is insufficient to incorporate the contents of a document,' the document is incorporated when its contents are described and the document is 'integral' to the complaint." *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Courts recognize that extrinsic evidence presented by the party moving to dismiss the complaint should be considered when these conditions are met because otherwise, a plaintiff could evade "dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).  *See Meyer Pincus & Assocs. v. Oppenheimer & Co*., 936 F.2d 759, 762 (2d Cir. 1991) ("We therefore decline to close our eyes to the contents of the [document] and to create a rule permitting a plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the [document] to the complaint or to incorporate it by reference.")  Moreover, consideration of this particular extrinsic evidence under these circumstances poses no harm to the plaintiff, as the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished." *Parrino v. FHP, Inc*., 146 F.3d 699, 707 (9th Cir. 1998), *superseded by statute on other grounds* (quoting *PBGC v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196-97 (3d Cir. 1993)).

Each of the required elements for the Court to consider the contents of the Subject Website are plainly satisfied here.  The Complaint explicitly cites to the Subject Website. (Complaint at ¶ 15.)  The Subject Website is integral (and indisputably relevant) to the Complaint, as Plaintiff's claims center solely around whether the Subject Website provides sufficient information about the accessibility features of the hotel to comply with the ADA.  Plaintiff, therefore, necessarily relies on the contents of the Subject Website as fundamental in his Complaint and to prove his claim.  Plaintiff cannot question the authenticity of the information on the Subject Website available to everyone (Plaintiff, the Court, and the general public).  Defendants attach to

14

the Declaration of Orlick webpages extracted directly from the Subject Website referenced in paragraph 15 of the Complaint, as seen by the user when the user attempts to book an accessible room.  Declaration of Orlick at ¶ 5, Ex. D.  None of this information should be new to Plaintiff, as Plaintiff and Plaintiff's counsel would have encountered precisely the same information when they purportedly visited the Subject Website, as alleged in paragraph 15 of the Complaint.  Defendants request that this Court take judicial notice of the Subject Website, as plainly available for the public to see and as further authenticated by the Declaration of Orlick.

**IV.     CONCLUSION**

It is respectfully submitted that the Court lacks subject matter jurisdiction to hear the case. Furthermore, the Complaint, read as a whole in conjunction with material incorporated into it by reference and judicial notice, fails to state a claim upon which relief can be granted.  As anyone can clearly discern from a reasonable examination, the Subject Website complies with the requirements of 28 CFR § 36.302(e).  User error and incomplete pre-filing due diligence are insufficient to state an ADA claim.  Thus, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim.

Respectfully submitted,

Date: December 28, 2020                      JEFFER MANGELS BUTLER & MITCHELL LLP
                                             MARTIN H. ORLICK
                                             STUART K. TUBIS


                                             By  */s/ Martin H. Orlick*
                                                    MARTIN H. ORLICK, ESQ.
                                             Attorney for Defendants Marriott Ownership Resorts,
                                             Inc. and Marriott Resorts Hospitality Corporation.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On December 28, 2020 I served the document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) & 12(b)(6)** in this action addressed as follows:

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

☐ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(TO BE SERVED BY THE COURT BY NOTICE OF ELECTRONIC FILING (NEF))** Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).  On November 19, 2020, I checked the appropriate CM/ECF docket for this case or proceeding and determined that the aforementioned person(s) has/have consented to receive NEF transmission at the aforementioned electronic addresses.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 28, 2020 at San Francisco, California.


*/s/ Lydia Arago*
Lydia Arago

Case No. 3:20-cv-07523-SK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT