JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK SBN. 083908, mho@jmbm.com
STUART K. TUBIS SBN. 278278, skt@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:    (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendants Marriott Ownership Resorts, Inc.
and Marriott Resorts Hospitality Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**,<br><br>          Plaintiff,<br><br>v.<br><br>**Marriott Ownership Resorts, Inc.**, a Delaware Corporation; **Marriott Resorts Hospitality Corporation**, a Southern Carolina Corporation,<br><br>          Defendants. | CASE NO.     3:20-cv-07523-CRB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) & 12(b)(6)** |

## I. SUMMARY OF ARGUMENT

Courts have already considered and rejected the arguments reiterated here by Plaintiff, Samuel Love ("**Plaintiff**").  **Specifically, Plaintiff fails to discuss or even mention at least 2 controlling cases directly on point issued before Plaintiff's Opposition was filed involving Plaintiff himself and/or Plaintiff's own counsel:** *Love v. Marriott Hotel Services, Inc.*, Case No. 3:20-cv-07137-TSH (US District Court, Northern District of CA), Doc # 24 (3/3/3021); and *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES (US District Court, Central District of California), Doc # 17 (2/16/2021).  These cases involved nearly identical fact patterns and issues and were resolved recently on the same grounds as the instant motion in favor of the defendants.  Plaintiff also disregards the clear authority of the Department of Justice ("**DOJ**"), which should have been sufficient to cause Plaintiff not to file these claims in the first place.

The Subject Website[1] of Defendants, Marriott Ownership Resorts, Inc. and Marriott Resorts Hospitality Corporation ("**Defendants**"), more than complies with the ADA and all relevant DOJ guidance.  Plaintiff also lacks standing to litigate.  For the sake of judicial consistency and common sense, Defendants request that the Motion to Dismiss the First Amended Complaint ("**FAC**") be granted without leave to amend and the case dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff's Arguments Have Been Considered And Rejected By US District Courts In California

Conveniently, Plaintiff completely neglects to discuss or even mention the contradictory authority directly on point decided recently.  **It is imperative to this Motion that the Court read and consider the opinions in the cases *Love v. Marriott Hotel Services, Inc.*, Case No. 3:20-cv-07137-TSH (US District Court, Northern District of CA), Doc # 24 (3/3/3021) ("*Love v. Marriott*") and *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES (US District Court, Central District of California), Doc # 17 (2/16/2021) ("*Arroyo v. JWMFE*").**  Copies are provided in Defendant's Request for Judicial Notice filed with this Reply.  These

---

[1] https://www.marriott.com/hotels/travel/sfovm-marriott-vacation-club-pulse-san-francisco/

1  opinions are directly on point and reject the same arguments Plaintiff copied into his Opposition to

2  the current Motion.

3        In *Love v. Marriott*, the exact same Plaintiff represented by the exact same counsel

4  advanced the same basic arguments in an extremely similar lawsuit. Even the defendant is nearly

5  the same – also a Marriott entity.  The case also involves a Marriott hotel also in San Francisco.

6  Indeed, even the websites are nearly the same.  The website at issue in *Love v. Marriott* is

7  www.marriott.com/hotels/travel/sfodt-san-francisco-marriott-marquis. The website at issue here is

8  www.marriott.com/hotels/travel/sfovm-marriott-vacation-club-pulse-san-francisco/.  The 2 websites

9  have the same layout, same look and feel, and substantially the same content. Both of these cases

10 were filed in the Northern District of California.  Arguably these 2 cases should have been filed as a

11 single lawsuit.

12       In *Love v. Marriott*, just as in this case, "Love contends that Marriott's reservation

13 system violates 28 C.F.R. § 36.302(e)." *Id*. at p. 6. "In response, Marriott points to an Appendix to

14 the regulations, 28 C.F.R. Pt. 36, App. A, in which the DOJ provides the following commentary

15 regarding accessibility information required under the regulations." *Id*. at p. 7.  Judge Thomas S.

16 Hixson then discusses the same DOJ Guidance that Defendants provided in their moving papers in

17 the current case.  In particular, the Court noted that "DOJ guidance is 'entitled to substantial

18 deference.'" (*Id*. at p. 8); the "DOJ's interpretation of its ADA implementing regulations is entitled

19 to controlling weight unless it is plainly erroneous or inconsistent with the regulation" (*Id*. at p. 9);

20 "websites need not include all potentially relevant accessibility information" (*Id*. at p. 10); "it may

21 be sufficient to specify that the hotel is accessible" and to provide basic facts about each accessible

22 room (*Id*. at p. 10); "the regulations are not intended to be an accessibility survey" (*Id.* at p. 11); and

23 "individuals with disabilities may wish to contact the hotel or reservations service for more detailed

24 information." (*Id*. at p. 10).  After considering the content of what is nearly the same website, the

25 Court held that "Based on Love's own allegations and the evidence provided by Marriott, the Court

26 finds Marriott provides accessible features descriptions that exceed the level of detail proposed by

27 the ADA guidance." *Id*. at p. 9.  Accordingly, the Court granted Marriott's motion to dismiss

28 "WITHOUT LEAVE TO AMEND." *Id.* at p. 14.  The same analysis and opinion should be

1  employed here while changing little more than *part* of the defendant's name. The Court should

2  similarly dismiss Plaintiff's FAC without leave to amend.

3  In *Arroyo v. JWMFE*, an extremely similar lawsuit was filed by the exact same

4  plaintiff's counsel as *Love v. Marriott* and the case at hand.  Using some of the identical language

5  found in the current case, the plaintiff in *Arroyo v. JWMFE* also alleged violations of the

6  reservations requirements of the ADA as found on the defendant's website. Just as in the current

7  case, the defendant filed a motion to dismiss the complaint. The court similarly considered each

8  side's arguments, the website conditions, and the DOJ's Guidance on the statutory language of 28 §

9  36.302(e). The Court also held that Plaintiff was overreaching, that the website's accessibility

10 details suffice, and that plaintiff's very similar complaint failed to state a claim. Relevant excerpts

11 are provided below for the Court's review:

> **Plaintiff asserts claims under the ADA and Unruh Act.** (Id. ¶¶ 17, 20-27.) Specifically, Plaintiff contends that Defendant violates the ADA's "Reservation Rule" which requires that reservation systems, in relevant part, its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." (Id. ¶¶ 22-23 [citing 28 C.F.R. § 36.302(e)(ii)].)
>
> …
>
> Expedia's and Defendant's websites do satisfy the ADA's Guidelines on providing accessibility information for hotels. **A website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii).** Rather, the DOJ Guidance provides:
>
> **The Department recognizes that a reservations system is not intended to be an accessibility survey**. . . . For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). . . . For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms.
>
> 28 C.F.R. pt. 36 app. A (2010). **Further, the Guidance acknowledges that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information."** Id.

>   …
>
>   **Both Expedia's and Defendant's websites provide the accessibility information required to satisfy the ADA**. Expedia identifies all of the major common areas as wheelchair-accessible (e.g., the business center, concierge desk, elevators, fitness center, restaurant, parking, registration desk, pool). (Expedia's Website.) It indicates that the routes of travel to areas of the hotel and accessible guestrooms are accessible. (Id.) It specifies that guestrooms are accessible and provides details on types of accessibility features, including a "grab bar near toilet," a "low-height counter and sink," and a "raised toilet seat." (Id.) It also directs customers to contact the hotel directly for additional information on accessibility features. (Id.) Defendant's website provides similar information in even more detail... **This information more than satisfies Defendant's obligation under § 36.302(e)(ii). Accordingly, Defendant's motion to dismiss is GRANTED**.

*Id*. at p. 2-6 (emphasis added).

Thus, the Court in *Arroyo v. JWMFE* considered the same allegations and substantially the same facts and found that the website need not jump through as many hoops and provide as much detail as the plaintiff and his counsel were requesting. This Court now is tasked with the exact same decision. There is no reason why the result should be different. Oddly, Plaintiff ignored this controlling authority in his Opposition.

Since *Love v. Marriott* and *Arroyo v. JWMFE* so closlely mirror the current case, and the Courts' decisions are clearly relevant, the question then arises, why didn't Plaintiff discuss or even mention these cases in his opposition? Plaintiff's counsel certainly knew about the the opinions. In *Love v. Marriott*, the **same Plaintiff** was a party – Samuel Love. In both *Love v. Marriott* and *Arroyo v. JWMFE*, plaintiff was represented by the **same counsel** as the matter at hand – the strategically named "Center for Disability Access." A claim of ignorance is, thus, not possible. The timing of the opinion is also no excuse. The instant Motion to Dismiss the FAC was filed on 2/8/2021. Doc # 22.  Then the opinion in *Arroyo v. JWMFE Anaheim, LLC* was issued on 2/16/2021. *Id.*  Then the opinion in *Love v. Marriott* was issued on 3/3/20121.  Then Plaintiff filed his Opposition in the current case on 3/11/2021, well *after* both relevant decisions were issued. Thus, timing was no excuse. **It appears that Plaintiff deliberately withheld directly relevant authority from the Court in the hopes that Defendants and the Court wouldn't notice it exists.** This is a violation of an attorney's duty of candor to the the court system. The California Rules of

1  Professional Conduct for lawyers states as Rule 3.3 that "A lawyer shall not… fail to disclose to the
2  tribunal* legal authority in the controlling jurisdiction known* to the lawyer to be directly adverse
3  to the position of the client and not disclosed by opposing counsel, or knowingly* misquote to a
4  tribunal* the language of a book, statute, decision or other authority." The Guidelines for
5  Professional Conduct in the Northern District of California also require a duty of "candor." *Id*. at p.
6  1.  *See Chin v. Wal-Mart Stores, Inc.*, No. 14-cv-02538-TEH, 2014 U.S. Dist. LEXIS 152602,
7  [2014 BL 303864], 2014 WL 5465768 , at *1-2 (N.D. Cal. Oct. 27, 2014) (citing Civ. N.D.L.R. 1-
8  4 ) (imposing sanctions on attorney for violations of local rules).
9  　　　　As if these cases were not enough, there's more.  In *Strojnik v. Orangewood,* 2020
10 U.S. Dist. LEXIS 11743 (C.D. Cal. January 22, 2020), *aff'd Strojnik v. Orangewood LLC,* 829 F.
11 App'x 783 (9th Cir. 2020), the court rejected another ADA litigant's claim that the website
12 contained insufficient information. The Court noted that "a reservations system is not intended to be
13 an accessibility survey" and granted defendant's motion to dismiss without leave to amend. *Id*. at p.
14 20-21.
15 　　　　Courts have also turned to the DOJ's Guidance in related cases. *See Barnes v.*
16 *Marriott Hotel Servs., Inc*., Case No. 15-cv-01409-HRL, 2017 BL 48326, 2017 US Dist Lexis
17 22588, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017); and *Poschmann v. Coral Reef of Key Biscayne*
18 *Developers, Inc.*, Case No. 2:17-cv-14363-DMM, 2018 WL 3387679 (S.D. Fla. May 23, 2018).
19 Plaintiff states that "The defense relies too heavily on Barnes v. Marriott."  But Plaintiff does little
20 to substantively invalidate the court's deference to DOJ Guidance in that case.  Indeed, Plaintiff
21 complains that the court in *Barnes* didn't focus enough on the details of the website and whether it
22 complied with the ADA. But the court's opinion in *Barnes* tells a different tale. The court in *Barnes*
23 considered many specifics of the website, including the "roll-in shower" and "wide opening" for
24 guest rooms. The Court thereby found that "these descriptions and this level of detail is appropriate
25 and acceptable.  The Court is thus not persuaded that Marriott's website violates Section 36.302(e)
26 for any failure to identify and describe accessibility features." *Id*. at p. 10.  Furthermore, Defendants
27 offered the *Barnes* case primarily for support of the fact that courts regularly look to the DOJ's
28 Guidance on this topic and find that at some point enough is enough detail to satisfy Section

1  36.302(e). **Plaintiff cannot refute that.**

2  This fact is reinforced by *Poschmann v. Coral Reef of Key Biscayne Developers,*
3  *Inc.*, Case No. 2:17-cv-14363-DMM, 2018 WL 3387679 (S.D. Fla. May 23, 2018). In this case too,
4  the Court considered claims nearly identical to those at hand.  The Court then cited and used the
5  same DOJ Guidance publication as authority in interpreting 28 CFR § 36.302(e). *Id.*  Incidentally,
6  **Plaintiff did not even mention or address this case in his Opposition to this Motion**, as if it did
7  not exist, despite the fact that Defendants discussed it in detail in the Motion itself.

8      B.    <u>**Defendants' Website Complies With The ADA**</u>

9  Defendants invite the Court to review the website for itself, just as any member of
10 the public can do.  It provides an Accessibility Page with details *and* descriptions of the
11 accessibility features of the hotel, found here: https://www.marriott.com/hotels/fact-
12 sheet/travel/sfovm-marriott-vacation-club-pulse-san-francisco/#accessibility.
13 Additionally, after selecting dates for a stay, the Website displays the rooms
14 available for that time period. Guests can then select "Room Details" to see further accessibility
15 conditions specific to the room in type they choose.  Defendants have made a considerable effort
16 with results that speak for themselves to provide accessibility details in compliance with the spirit
17 and language of Section 36.302(e).
18 Furthermore, there are many photos of the hotel showing the various conditions.

If a photo is worth a thousand words, then the Website has thousands of words describing the hotel's accessibility conditions.

   Lastly, if Plaintiff needs a particular and specific measurement or dimention be provided to him, he is justified to call the hotel and request it, which the hotel is obligated to provide under the reasonable modification provision of the ADA.  As the Courts in both *Love v. Marriott* and *JWMFE Anaheim, LLC* noted, the DOJ's Guidance on the statute envisioned exactly this scenario: "If a guest requires additional information…they are invited to 'call +1 415-896-1600.' Based on the DOJ's Guidance and cases discussed above, the Court finds this is more than sufficient." *Love v. Marriott* at p. 11; "the Guidance acknowledges that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." *JWMFE Anaheim, LLC* at p. 5.  In this case, Plaintiff can do the same.  Defendant's wesbite provides the phone number at the top of every page of the website for anyone to use, including Plaintiff:



Additionally, on the Accessibility page of Defendant's website, it specifically invites people with

1  disabilities to call the hotel: "For more information about the physical features of our accessible
2  rooms, common areas, or special services relating to a specific disability, please call +1 415-885-
3  4700."  See the screenshot below:

[screenshot of Accessibility panel showing accessible areas, hotel features, and guest room accessibility]

12  Plaintiff does not allege that he ever contacted the Hotel to inquire about any particular conditions.
13  If Plaintiff, who has filed well over 500 hundred ADA lawsuits, genuinely wanted to stay at the
14  Hotel, he could have done so.[2]
15      The fact of the matter is that Defendant's Website is fully compliant with Section
16  36.302(e) and the DOJ's Guidance on the issue.
17      C.   **Plaintiff's FAC Should Be Dismissed Under FRCP 12(b)(1) Due To A Lack Of**
18           **Likely Future Injury**
19      Plaintiff lacks a genuine intent to visit or return to the Subject Property in the future
20  and, thus, lacks Article III standing.  Again, Plaintiff ignored Defendants' authority directly on
21  point.  In *Bouyer v. LAXMI Hospitality LLC*, Case No. 2:20-cv-07802-PA-AFM (US District Court,
22  Central District of California), Doc # 18 (2020), the court considered similar issues and found that
23  plaintiff's conclusory allegations that he would visit "some day" were not sufficient to establish

---

[2] At last count, Plaintiff had filed approximately **568 ADA lawsuits** in California District Courts. Of these, nearly 90 such cases were against hotels in the Northern District since October 5, 2020 alone, and nearly 310 such cases were filed in the Northern District specifically since June, 2018.

Article III standing and *sua sponte* dismissed the Complaint.[3]

Similarly, in the case of *Laufer v. BRE/ESA P Portfolio, LLC*, Case 1:20-cv-01973-SAG (D. Md. 2020), Doc #20, the Court held that plaintiff lacked standing to sue to hotel website reservations violations under Section 36.302(e) because plaintiff lived hundreds of miles away, had filed hundreds of similar cases against various hotels, and lacked a credible intent to visit the hotel in question).  Here, Plaintiff hides behind the shield of tester standing in his Opposition.  But that will not suffice.  "**It is true that tester status does not destroy standing. But by the same token it cannot create standing in the absence of an otherwise plausible assertion** that a return to the website would allow Griffin to avail himself of its services." (citing *Griffin v. Dep't. of Labor Fed. Credit Union,* 912 F.3d 649, 653 (4th Cir. 2019).) *Id*. at p. 5. (emphasis added).  Here, Plaintiff has not made a plausible assertion that he will visit the Hotel in the future.

Plaintiff likewise ignores that unfavorable opinion in *Laufer v. Naranda Hotels, LLC*, Civil No. SAG-20-2136 (D. Md. Dec. 16, 2020), Doc # 26 also involving alleged Section 36.302(e) violations, but finding that the plaintiff lacked a realistic likelihood of visiting the hotel in the future, particularly in light of the hundreds of similar cases she filed and the travel restrictions imposed by the COVID-19 pandemic. The Court accordingly granted defendant's motion to dismiss and denied leave to amend the complaint. *Id*. Doc 24-1, p. 2, 21.

**Here too, Plaintiff lacks a credible intent to visit Defendants' hotel in the future. Plaintiff also never alleges to have visited, or even called, Defendant's hotel in the past.**  As written in Plaintiff's own Opposition "According to the Ninth Circuit, at the pleading stage, only the 'minimal allegations' that 'a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers' are sufficient to 'establish that a plaintiff's injury is actual or imminent.'" Opposition at p. 7.  However, Plaintiff

---

[3] "These conclusory allegations amount to mere "some day" intentions that the Ninth Circuit has found are insufficient to establish Article III standing. Plaintiff, who has filed over 450 similar action in the Central District in recent years, has failed to present any concrete plans or other specific information about when he intends to return to Defendant's Property. The Court therefore concludes that Plaintiff has failed to plead or submit sufficient facts to establish his standing to obtain the injunctive relief he seeks in his Motion for Default Judgment." *Id.*

1  never alleges to have visited the hotel on a prior occasion.  By Plaintiff's own authority, Plaintiff
2  lacks standing.  While Defendants acknowledge that tester standing has been upheld in the 9th
3  Circuit, it is not applicable here and not sufficient to rescue Plaintiff from a defective pleading.
4  Plaintiff has never tested the hotel by visiting it and lacks a genuine intent to visit in the future.
5  This is shown in part by the more than 500 cases filed by Plaintiff in California District Courts.  At
6  last count, **Plaintiff has filed approximately 568 ADA cases in California District Court** (not to
7  mention other potential cases in California Superior Court and cases in other U.S. District Courts).
8  Inundation by ADA cases is already a concern for Courts. Defendants have seen an explosion in the
9  past year or so in these types of ADA website reservations cases.  Existing cases will only be the tip
10 of the iceberg if Courts require defendants to go beyond the DOJ Guidance and provide an ill-
11 defined number of room measurements and details sufficient to allow each potential plaintiff under
12 the sun to feel "comfortable" booking a room.  The fact of the matter is that the Website is
13 compliant, and Plaintiff lacks a credible intent to visit the hotel in the future.  Common sense has
14 shown this case is part of systematic operation seeking settlement funds from hundreds of
15 businesses.  There is no credible harm for the Court to enjoin and no standing to hear this case.

### III.     CONCLUSION

As anyone can clearly discern from a reasonable examination, the Subject Website both details and describes the accessibility conditions at the hotel, both with text and pictures, in full compliance with 28 CFR § 36.302(e).  Furthermore, Plaintiff's FAC fails to state a claim upon which relief can be granted.  Thus, Defendants respectfully request that the Court dismiss Plaintiff's FAC with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: March 18, 2021 | JEFFER MANGELS BUTLER & MITCHELL LLP<br>MARTIN H. ORLICK<br>STUART K. TUBIS |
|  | By  */s/ Martin H. Orlick*<br>            MARTIN H. ORLICK, ESQ.<br>Attorney for Defendants Marriott Ownership Resorts, Inc. and Marriott Resorts Hospitality Corporation. |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On March 18, 2021 I served the document(s) described as **REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) & 12(b)(6)** in this action addressed as follows:

>   CENTER FOR DISABILITY ACCESS
>   Raymond Ballister Jr., Esq., SBN 111282
>   Russell Handy, Esq., SBN 195058
>   Amanda Seabock, Esq., SBN 289900
>   Zachary Best, Esq., SBN 166035
>   Mail: 8033 Linda Vista Road, Suite 200
>   San Diego, CA 92111
>   (858) 375-7385; (888) 422-5191 fax
>   amandas@potterhandy.com

☐ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(TO BE SERVED BY THE COURT BY NOTICE OF ELECTRONIC FILING (NEF))** Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 18, 2021 at San Francisco, California.

   */s/ Lydia Arago*
   Lydia Arago